UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JERMAINE L. MOORE, | Case No. 3:13-cv-01197-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

HAGGERTY, District Judge:

Plaintiff Jermaine L. Moore seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be AFFIRMED.

**STANDARDS**

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically

OPINION AND ORDER - 1

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue*, 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the

OPINION AND ORDER - 2

Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## BACKGROUND

Plaintiff was born in 1991 and had been previously eligible for supplemental SSI benefits as a minor. In February 2010, plaintiff was notified that he was found no longer disabled based on a redetermination of disability under the rules for adults who file new applications. After a hearing officer affirmed the redetermination finding on July 28, 2010, plaintiff requested a hearing before an Administrative Law Judge (ALJ).

An ALJ conducted a hearing on August 31, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, and an impartial vocational expert (VE). The ALJ did

OPINION AND ORDER - 3

not conduct step one because it is not used to redetermine disability at age eighteen. 20 C.F.R. § 416.987(b). At step two, the ALJ found that plaintiff suffered from the following severe impairments: borderline intellectual functioning, morbid obesity, attention deficit hyperactivity disorder, depression, and status post knee reconstruction with chronic knee pain. Tr. 23, Finding 2.[1] At step two, the ALJ determined that plaintiff's severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 23, Finding 3. At step four, the ALJ determined that plaintiff has the RFC to perform less than the full range of medium work as defined in 20 C.F.R. § 416.9679(c). Tr. 26, Finding 4. Additionally, the ALJ determined that plaintiff should never climb ladders, ropes, or scaffolds; he can occasionally stoop, kneel, crouch and crawl; he should avoid moderate exposure to extreme cold; he is able to remember, understand, and carry out simple and detailed but not complex tasks or instructions typical of occupations with an specific vocational preparation of 1 or 2; he should not have contact with the public; and he should not work in a fast paced environment such as occupations with production quotas. *Id.*

Although he had no past relevant work experience, based on plaintiff's RFC and testimony from the VE, the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy including work as a laundry worker or dishwasher. Tr. 32, Finding 9. Therefore, on November 17, 2011, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER - 4

## DISCUSSION

Plaintiff argues that the ALJ improperly found that he did not meet or equal Listing 12.05C. Listing 12.05C concerns an intellectual disability in which the claimant has a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, subpt. P, app. 1, § 12.05. Plaintiff contends that the ALJ erroneously discredited intellectual testing of plaintiff that occurred in 1999 in favor of more recent testing in which plaintiff was found to have a higher IQ, but which plaintiff contends was incomplete. For the following reasons, this court finds that the ALJ committed no harmful error.

The Social Security Regulations' "Listing of Impairments" describe impairments so severe that they are considered presumptively disabling if the listing criteria is satisfied; an ALJ can stop at step three of the analysis and need not consider claimant's RFC. 20 C.F.R. §§ 404.1520(d), 416.920(d). A diagnosis of a listed impairment itself is insufficient; the claimant has the burden of showing that he satisfies the findings in the listing of that impairment. *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). Listing 12.05C, the listing at issue in this case, has three main components that a claimant must establish: (1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an IQ score of 60 to 70; and (3) a physical or other mental impairment causing an additional and significant work-related limitation. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. Listed impairments are purposely set at a high level of severity because they are designed to function as a presumption of disability that makes no further inquiry necessary. *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (internal quotations omitted). As a result, the ALJ and courts have followed the approach of "requiring that claimants meet each criterion

OPINION AND ORDER - 5

set out in Listing 12.05C rather than relying on an overall functional approach." *Id.* Here, the only relevant issue is the second component regarding plaintiff's IQ scores.

The Ninth Circuit has said that IQ testing plays an very important role in assessing the existence of intellectual disability. *Garcia v. Commissioner of Social Security*, No. 12-15686, 2014 WL 4694798, *5 (9th Cir. Sept. 23, 2014). Because meeting the listing conclusively determines that a claimant is disabled, his or her IQ score can be a deciding factor in determining intellectual disability. *Id.* Because of their importance, the Ninth Circuit has said that it is important that the ALJ base his or her assessment of intellectual disability on complete, rather than partial, sets of IQ scores. *Id.* In particular, the regulations specify the use of the "Weschler series" of IQ tests in evaluating a plaintiff's IQ. *Id.*

In her findings, the ALJ discussed plaintiff's 1999 intellectual testing, when he was seven years old, in which plaintiff had a verbal IQ score of 78, a performance IQ score of 68, and a full scale IQ score of 70. Tr. 25, Finding 3. The ALJ contrasted this score with plaintiff's score in October 2009, in which plaintiff had a higher full scale IQ score of 78, and with the opinions of Sharon Marshall, M.S., and David Gostnell, Ph.D., in finding that plaintiff did not meet the criteria under Listing 12.05C.

Plaintiff argues in his rely brief that Dr. Gostnell never mentioned plaintiff's performance IQ; that it is unclear that a full IQ test was performed in October 2009; and that the ALJ based her assessment on incomplete testing and the opinions of the tester. A closer inspection of the record however indicates that plaintiff was given a full Wechsler Adult Intelligence Scale–Fourth Edition test ("WAIS–IV"). Tr. 821-822. This test produced a composite score summary that included plaintiff's index scores regarding verbal comprehension, perceptual reasoning, working memory, as well as a full scale and general ability score. *Id.* The WAIS-IV test, adopted in

OPINION AND ORDER - 6

2008, abandoned verbal and performance sub-scales found in earlier additions of the test and replaced them with the index scores listed above. *See* Press Release, Wechsler Adult Intelligence Scale, Fourth Edition Now Available From Pearson (Aug. 28, 2008) http://www.pearsonclinical.com/psychology/news/2008/wechsler-adult-intelligence-scale-fourth-edition-now-available-from-pearson.html. This score corroborates Dr. Gostnell's assessment that plaintiff's scores corresponded "to borderline classification for general intellectual functioning." Tr. 828. The ALJ found that this evidence suggests that plaintiff's "intellectual abilities are more advanced than indicated on the 1999 IQ assessment." Tr. 27. The ALJ is the "final arbiter" regarding the resolution of ambiguities in the medical evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Therefore, the ALJ did not err in favoring plaintiff's 2009 IQ test results over his 1999 IQ test results. Plaintiff had the burden of presenting sufficient evidence to establish that he meet or equaled Listing 12.05C, and has failed to do so.

## CONCLUSION

Based on the foregoing, this court concludes that the findings of the Acting Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record. The Acting Commissioner's decision denying Jermaine L. Moore's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this 14 day of October, 2014.

Ancer L. Haggerty
United States District Judge